# STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**24SC-2095-A**
**Judge James A Dunn**
**SEP 12, 2024 11:09 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER 24SC-2095-A

Lewis, Tina

**PLAINTIFF**

**VS.**

Walmart Stores East, LP, DBA Walmart Supercenter #615

**DEFENDANT**

**SUMMONS**

TO: WALMART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Edward McAfee**
**McAfee Law Firm, LLC**
**3235 Cains Hill Place NW**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of September, 2024.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-2095-A
Judge James A Dunn
SEP 12, 2024 11:09 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| TINA LEWIS,<br><br>PLAINTIFF,<br><br>V.<br><br>WAL-MART STORES EAST, LP., d/b/a WALMART SUPERCENTER # 615,<br><br>DEFENDANT. | CIVIL ACTION<br>FILE NO. |

## COMPLAINT

COMES NOW Plaintiff Tina Lewis, Plaintiff in the above-styled action and file this Complaint against Defendant Wal-Mart Stores East, LP. Through this Complaint, Plaintiff intends to bring every permissible claim under Georgia law arising out of the injuries sustained by Tina Lewis on March 7th, 2024.

## NATURE OF ACTION

1.

This is a premises liability action arising out of an incident in which Defendant Wal-Mart Stores East, LP. d/b/a Walmart Supercenter, #615, created a hazard in their store located at 101 Market Place Boulevard, Cartersville, Bartow County, Georgia, 30121 by failing to clean up a spill of unknown substance that caused Plaintiff to slip and fall.

2.

As a result of this incident and the Defendant's negligence in causing it, Plaintiff suffered painful personal injuries that required medical treatment.

## PARTIES, JURISDICTION, AND VENUE

3.

Plaintiff Tina Lewis (hereinafter "Plaintiff") resides at [redacted], [redacted] and is subject to the jurisdiction and venue of this Honorable Court by virtue of the filing of this Complaint.

4.

Plaintiff states her intention to bring each and every permissible, proper, and authorized claim for damages under Georgia law. Plaintiff seeks all general, special, compensatory, consequential, economic, and other damages as permitted under Georgia law.

5.

Wal-Mart Stores East, LP., d/b/a Walmart Supercenter # 615, (hereinafter "Wal-Mart" or "Defendant"), is a foreign corporation existing under the laws of Delaware with its principal place of business located at 708 SW 8th Street, Bentonville, Arkansas 72716. Defendant may be served with the Summons and Complaint in this action by service upon its registered agent, The Corporation Company, located at 106 Colony Park Drive, Ste. 800-B, Cumming, Forsyth County, Georgia 30040. When its registered agent is served, Defendant shall be subject to the jurisdiction of this Honorable Court.

6.

The Court has proper subject matter jurisdiction over this action arising in the State of Georgia involving tortious conduct of Georgia residents and a company registered to, and regularly transacting business in this state.

7.

Defendant owns and operates a chain of shopping stores in and throughout the United States of America commonly known as "Walmart Supercenter." Defendant owns and operates a store which is located at 101 Market Place Boulevard, Cartersville, Bartow County, Georgia, 30121. Venue is proper in this Honorable Court pursuant to O.C.G.A. § 14-2-510(b)(3).

8.

Venue and jurisdiction are not proper in a Federal District Court because complete diversity of citizenship is lacking due to the many contacts Defendant has with this state and the claims brought in this case are pursuant to the state law of Georgia and do not raise or implicate a "federal question" which would confer jurisdiction or venue in a Federal District Court.

**OPERATIVE FACTS**

9.

At all times relevant to this Complaint, Defendant owned and operated its store located at 101 Market Place Boulevard, Cartersville, Bartow County, Georgia, 30121.

10.

On March 07, 2024 Defendant was responsible for management of its store, including ensuring that it was kept in a safe condition for its invitees, including Plaintiff.

11.

On or about March 07, 2024, Plaintiff was an invitee at Defendant's store located at 101 Market Place Boulevard, Cartersville, Bartow County, Georgia, 30121. Specifically, on said date, Plaintiff came to Defendant's store upon Defendant's invitation, knowledge, and consent to shop.

12.

On said date, Plaintiff slipped and fell after stepping into a foreign substance on the floor while walking down an aisle.

13.

On said date, there were no warnings in the area of the above-referenced aisle. There was no staff in the aisle to warn customers away from the spill, nor was the area cordoned-off, or secured in some way to prevent injury from customers slipping in the foreign substance despite existing in the aisle for well over an hour before Plaintiff walked in the area and slipped.

14.

Defendant's negligence actually and proximately caused Plaintiff to suffer serious and painful bodily injuries.

## LIABILITY OF DEFENDANT
## COUNT I - PREMISES LIABILITY

15.

Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

16.

By operating a store-front business in Georgia, Defendant Wal-Mart had a duty to ensure the safety of business invitees on the premises including Plaintiff who arrived at Walmart at their express invitation and consent to shop on Marth 7, 2024. This duty of reasonable care is nondelegable and rest wholly with the Defendant.

17.

Defendant breached their duty of reasonable care when they failed to inspect the store, clean up a spill, safeguard the area within the store or to warn their invitees of danger, including Plaintiff. Stated in the alternative, and more specifically, Defendant Wal-Mart committed the following acts when breaching their duty to Plaintiff: negligently failing to inspect the store for

dangers, negligently failing to clean a spill of unknown substance from the floor of an aisle in the store, negligently failing to provide staff in the area to safeguard the spill until it could be cleaned by routing customers around it safely, negligently failing to warn customers through signage of a dangerous condition in the store in violation of a reasonable standard to be proven at trial.

18.

But for the conditions of the Defendant's store on the date of the slip and fall incident, Plaintiff would not have fallen and been physically injured. The dangerous and negligent conditions present in the store that resulted in a fall actually and proximately caused Plaintiff's constant and continuing pain and suffering.

19.

Defendant Wal-Mart is liable for the injuries and damages Plaintiff sustained as a result of their negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence presented at trial.

**COUNT II – VICARIOUS LIABILITY**

20.

Plaintiff re-alleges and incorporates by reference all preceding allegations, including in particular paragraphs 15-19 above verbatim.

21.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured were employed by Defendant and were acting within the scope of their employment.

22.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

**COUNT III – NEGLIGENT TRAINING AND SUPERVISION**

23.

Plaintiff re-alleges and incorporates by reference all preceding allegations, including in particular paragraphs 15-22 above verbatim.

24.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

25.

Defendant was negligent in training and supervising its staff.

26.

As a result of Defendant's negligence in training and supervising its employees, Plaintiff was injured on the premises.

27.

As a direct and proximate result of the Defendant Wal-Mart's negligence in training and supervising its employees, Plaintiff was seriously injured and incurred medical expenses, lost wages, pain and suffering and other actual and special damage in an amount to be determined at trial.

**DAMAGES**

28.

Plaintiff re-alleges and incorporates by reference all preceding allegations, including in particular paragraphs 15-27 above verbatim.

29.

Plaintiff is entitled to recover for her injuries, for the pain and suffering she sustained, and all elements of damages allowed under Georgia law including, but not limited to, compensatory, general, special, incidental, punitive and/or all other damages permitted and supported by the evidence including but not limited to:

a. Personal injuries;

b. Pain and suffering;

c. Loss of enjoyment of life;

d. Incidental expenses;

e. Medical expenses;

f. Consequential damages to be proven at trial;

g. Attorney fees and expenses of litigation, and

h. Punitive damages.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant Wal-Mart and one or more of the above-stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff. Defendant Wal-Mart is liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

**WHEREFORE,** Plaintiff prays as follows:

(a) A trial by jury on all issues in this case;

(b) That this Complaint and Summons be properly served on Defendant;

(c) That Plaintiff recovers damages from the Defendant in an amount sufficient to compensate them for past, present and future pain and suffering, and special damages, in an amount to be determined by the enlightened conscious of a jury in excess of $100,000; and

(d) For such other and further relief deemed just and proper by this Honorable Court.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted, this 12th day of September 2024.

**McAFEE LAW FIRM, LLC**

*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*Attorney for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: 404-662-2227
Fax: 404-662-2228
Email: edward@mcafeelawfirm.com
Email: admin@mcafeelawfirm.com
Email: lauren@mcafeelawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-2095-A
Judge James A Dunn
SEP 12, 2024 11:09 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

TINA LEWIS,

PLAINTIFF,

V.

WAL-MART STORES EAST, LP., d/b/a
WALMART SUPERCENTER # 615,

DEFENDANT.

CIVIL ACTION
FILE NO.

**PLAINTIFF TINA LEWIS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES NOW, Tina Lewis, Plaintiff in the above-styled action, and requires Defendant, (hereinafter "Defendant") to respond separately, under oath and in writing, to the following interrogatories within forty-five (45) days from the date of service as provided by law upon the undersigned counsel of record, McAfee Law Firm, LLC, 3235 Cains Hill Place, NW, Atlanta, Georgia, 30305.

1.

If you are aware of any individual having personal knowledge of the incident at issue, or the injuries and damages to Plaintiff Tina Lewis which resulted from the incident at issue, please provide the name, address and telephone number of each said individual.

2.

If you obtained any oral, recorded, or written statement from any individual concerning the incident at issue or Plaintiff Tina Lewis's injuries and damages resulting therefrom, please provide the name, address and telephone number of each said individual giving said statement, the name, address and telephone number of the individual securing said statement, whether the statement was oral, recorded or written, and the date the statement was given.

3.

If you are aware of any photographs, diagrams, drawings, videotapes, DVD's, downloaded video footage or other things that depict the subject incident, the location where this incident occurred, the areas adjacent to the location where this incident occurred, any of the Defendant employees in the area where the incident occurred and/or any individuals located in the area where the incident occurred, **AT ANY TIME ON MARCH 07, 2024, EITHER BEFORE OR AFTER THE SUBJECT INCIDENT**, please identify same by describing same, and providing the name, address and telephone number of the present custodian of each said item or thing.

4.

What are the names, addresses, telephone numbers, places of employment, and job titles of each and every person who performed or assisted in any investigation on your behalf relative to this incident?

5.

Provide the names, addresses, telephone numbers, places of employment, and job titles of each and every person who was working at the Defendant's premises in question on March 07, 2024.

6.

Please identify each person whom you expect to call as an expert witness at the trial of this case, and in connection with each such person, please state the subject matter on which such expert is expected to testify, as well as the substance of the facts and opinions as to which each such expert is expected to testify, and a summary of the grounds for each opinion.

7.

Please state each and every act or omission to act by Plaintiff Tina Lewis, if any, which you claim contributed to the occurrence described in the Complaint.

8.

Please provide the name, address and telephone number of each manager of the subject Defendant's subject premises as of March 07, 2024.

9.

Please identify and describe the appearance of each and every person who observed or was present in the vicinity of the alleged occurrence, providing the name, address, and telephone number of each such person.

10.

For each person identified in the preceding interrogatory, please describe everything that person claims was seen or noticed with respect to the occurrence at issue.

11.

With respect to the substance in the premises which Plaintiff Tina Lewis encountered, did Defendant have any knowledge of its existence prior to the alleged occurrence? If so, please state the name of the employee(s) having knowledge, how the employee(s) acquired such knowledge, and how long the employee(s) knew of the presence of the alleged substance prior to the occurrence.

12.

If Defendant did have knowledge of the substance/material/debris in which Plaintiff Tina Lewis encountered, please describe, in detail, any warnings or signals given by Defendant prior to the time of the alleged occurrence.

13.

Please describe any assistance, including first aid, which was provided by Defendant to Plaintiff Tina Lewis after the occurrence that is the subject of this lawsuit.

14.

Please state whether any of Plaintiff Tina Lewis's medical bills incurred after the occurrence were paid by or on behalf of Defendant and, if so, please itemize all such expenses which were paid by Defendant.

15.

Please describe what investigation, if any, was conducted by or on behalf of Defendant on the date of the occurrence, providing the name of the person(s) conducting any such investigation, what they did, who they talked to and what documents, if any, were created during the course of the investigation.

16.

Please describe the substance/material/debris and/or condition in Defendant's premises which caused Plaintiff Tina Lewis alleged fall.

17.

Please state from where the substance/material/debris and/or condition in Defendant's premises (which caused Plaintiff Tina Lewis alleged fall) came.

18.

Please identify any documents, witness statements, photographs, videotapes or any other tangible item which Defendant contends establishes how long the substance/material/debris (which caused Plaintiff Tina Lewis alleged fall existed prior to the occurrence of the incident.

19.

Please state the number of surveillance cameras that existed in the subject Defendant's subject premises as of March 07, 2024.

20.

Please identify all employees who Defendant contends were in the vicinity of the area of Plaintiff Tina Lewis fall during the thirty minutes proceeding the incident up an until the time the incident occurred.

21.

Please state the time and date on which Defendant first anticipated and/or contemplated that litigation would arise from the subject incident. In responding, please identify all facts upon which Defendant contends it first anticipated and/or contemplated litigation and identify the person who first anticipated and/or contemplated that litigation would arise from the subject incident.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Please produce copies of any and all statements pertaining to the incident which is the subject of this lawsuit. If you object to or refuse to produce any of these statements, identify each statement objected to by referencing the person from whom the statement was taken, the person who took said statement, whether said statement has been transcribed, whether said statement is recorded, the date said statement was made, and the person or entity who possesses said statement. Furthermore, if you object to producing any statement, state whether said statement was orally given to you or your representative or whether the statement was prepared by the witness or party.

2.

For the date of the subject incident, March 07, 2024, please produce all documents pertaining to Defendant's policies and procedures for the retention of surveillance video, photographs, customer incident reports, supplemental incident reports, incident report recording procedures, and all incident investigation forms pertaining to slip/trip and fall incidents that occur on Defendant's premises.

3.

For all dates subsequent to March 07, 2024 up and including the present, please produce all documents pertaining to any changes, amendments, updates, addendums and/or redactions of Defendant's policies and procedures for the retention of surveillance video, photographs, customer incident reports, supplemental incident reports, incident report recording procedures, and all incident investigation forms pertaining to slip/trip and fall incidents that occur on Defendant's premises.

4.

Please produce copies of any and all videotapes, DVD's, downloaded video footage, photographs, drawings, sketches or diagrams which Defendant identified in response to Plaintiff's First Interrogatories Number 3.

5.

Please produce copies of any and all reports from any expert witnesses with whom you have consulted pertaining to the incident in this case or with whom you expect to retain as expert witnesses for the purpose of testifying at the trial of this case.

6.

For each person who may be used at trial to present expert opinions, please provide: (a) a complete statement of all opinions to be expressed and the basis and reasons therefore; (b) the data or other information considered by the witness in forming the opinions; (c) any exhibits to be used as a summary of or support for the opinions; (d) a resume or other document setting forth the qualifications of the witness; (d) a list of all publications authored by the witness in the preceding ten years; (e) the compensation agreement for the study and testimony; (f) all invoices or other billing records reflecting the charges incurred to the witness; (g) a listing of all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; and (h) a copy of any report, statement, picture, measurements, notations or any other document sent by you or your representative to the witness in this case for review as to any issue in this case.

7.

For each person who may be used at trial to present expert opinions, please provide a copy of any and all documents containing any opinions to be expressed by the expert at trial or the basis and reasons for any such opinions; any data or other information considered by the witness in forming the opinions; any exhibits to be used by the witness in explaining his or her testimony; any documents containing pertinent qualifications of the witness; records of any compensation paid or to be paid to the expert for the study and testimony; and transcripts of depositions and trial testimony in all other cases in which the witness has testified as an expert within the preceding four years.

8.

All medical records, surgical records, mental illness records, x-rays, radiographic films, pathology materials, or any other records or materials relating to any diagnostic or treatment tests or

procedures, financial records, bills, invoices, writings, notes or memoranda relating to Plaintiff Patricia J. Meadows.

9.

Produce a copy of each report, diagram, or any other documentation made by or relied upon by any expert whom you intend to call as a witness at trial.

10.

For the subject incident involving Plaintiff Tina Lewis, please produce any customer incident report, incident investigation report, floor inspection report, sweep and/or mop logs, and witness statements.

11.

Please produce copies of all surveillance videos, DVD's, photographs or other documents purporting to show the scene of the incident at or around the time of the incident, including the 24-hour period before and the 24-hour period following of the incident.

12.

Please produce copies of any documents, witness statements, photographs, videotapes, DVD's or any other tangible item which Defendant contends establishes how long the substance on the premise's (which caused Plaintiff Tina Lewis's alleged fall) existed prior to the occurrence of the incident.

13.

Please produce a copy of any sweep/mop logs, spill logs, and/or any other documents relative to the floor conditions and maintenance of Defendant's premises that is the subject of this lawsuit for the date of March 07, 2024.

14.

Please produce a copy of Defendant's policy and procedure manual regarding any Defendant employee's responsibilities for performing floor inspections of Defendant's premises that is the subject of this lawsuit, the timing for performing inspections of the premises and the procedures for removing a hazard from its premise upon receiving notice of its existence.

15.

Please produce a copy of Defendant's policy and procedure manual regarding any Defendant employee's responsibilities for investigating slip/trip and fall incidents which occur on its premises, any policy and procedure manual which refer to documents, photographs and/or videotapes that are required to be generated and/or prepared from the incident investigation and any policy and procedure manual relative to the maintenance or retention of any documents, photographs and/or videotapes which are generated and/or prepared from the incident investigation.

16.

Please produce all emails, text messages, video-taped surveillance footage, and photographs between Defendant's employees and Defendant's corporate employees as indicated on any "Incident/Accident Report".

17.

Please produce any and all additional correspondence or documents between Defendant's management, employees, and insurance carriers.

18.

Please produce any and all documents which purport to give Defendant's liability insurance carrier and/or third-party claims administrator, notice of the occurrence of the subject incident.

Respectfully submitted this September 12, 2024

**McAFEE LAW FIRM, LLC**
*/s/ Edward T. McAfee*
Edward T. McAfee
Georgia Bar No. 480108
*Attorney for Plaintiff*

3235 Cains Hill Place
Atlanta, Georgia 30305
Telephone: 404-662-2227
Fax: 404-662-2228
Email: edward@mcafeelawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**24SC-2095-A**
Judge James A Dunn
SEP 12, 2024 11:09 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Forsyth County

**For Clerk Use Only**

**Date Filed** 09-12-2024 **Case Number** 24sc-2095-a
MM-DD-YYYY

**Plaintiff(s)**

Lewis, Tina
Last First Middle I. Suffix Prefix

Last First Middle I. Suffix Prefix

Last First Middle I. Suffix Prefix

Last First Middle I. Suffix Prefix

**Defendant(s)**

Walmart Stores East, LP
Last First Middle I. Suffix Prefix

Last First Middle I. Suffix Prefix

Last First Middle I. Suffix Prefix

Last First Middle I. Suffix Prefix

**Plaintiff's Attorney** McAfee, Edward **Bar Number** 480108 **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

Case Number Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

TINA LEWIS,

Plaintiff,

v.

WAL-MART STORES EAST, LP.
D/B/A WALMART SUPERCENTER #615,

Defendants.

______________________/

Civil Action File No.
24SC-2095-A

ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP d/b/a WALMART SUPERCENTER #615 and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

SEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred as a matter of law.

EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due

process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

NINTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes inter alia, fail to define or provide advance notice of the

prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

TENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms

and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct. See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

TWELFTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint, as stated.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint. Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint. Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

7.

Defendant admits only that it operated the subject store. Defendant denies the remaining allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant admits only that it operated the subject store. Defendant denies the remaining allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint, as stated.

11.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant re-alleges and incorporates by reference all preceding paragraphs, including in particular paragraphs 15-19 above verbatim.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint, as stated.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant realleges and incorporates by reference all preceding paragraphs, including in particular paragraphs 15-22 above verbatim.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant re-alleges and incorporates by reference all preceding paragraphs, including in particular paragraphs 15-27 above verbatim.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint, including subparagraphs a., b., c., d., e., f., g. and h. thereof.

30.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

31.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c) and (d), thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed

with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP
d/b/a WALMART SUPERCENTER #615

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This the 7th day of October, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP
d/b/a WALMART SUPERCENTER #615

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

TINA LEWIS,

Plaintiff,

v.

WAL-MART STORES EAST, LP.,
d/b/a WALMART SUPERCENTER #615,

Defendant.

_________________________/

Civil Action File No.
24SC-2095-A

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis

Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP
d/b/a WALMART SUPERCENTER #615

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 7th day of October, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP
d/b/a WALMART SUPERCENTER #615

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com